**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FLOYD BLACKBURN,

      Plaintiff - Appellant,

vs.

DEPARTMENT OF CORRECTIONS;
ALBINO GRIEGO,

      Defendants - Appellees.

No. 98-2182
(D.C. No. CIV-97-245-SC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Blackburn, an inmate appearing pro se and in forma pauperis, appeals

from the district court's dismissal, over his objection, of his 42 U.S.C. § 1983

action for damages based upon the findings and recommended disposition of the

magistrate judge. Mr. Blackburn alleges that Defendant Griego used excessive

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

force in violation of the Eighth Amendment during a search for weapons; specifically, that during a shakedown he was pushed to the ground and struck with a baton, causing injury to his back and shoulder. On appeal, he contends that the district court utilized the Martinez report to resolve factual disputes and that a trial of his claims was required.

Defendant New Mexico Department of Corrections is not a "person" subject to suit under § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68-69 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Additionally, it is immune from suit by virtue of the Eleventh Amendment regardless of the relief sought. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996); Ellis v. University of Kansas Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998). The Department of Corrections is state-controlled and funded and therefore is considered part of the state shielded by Eleventh Amendment immunity. See Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 494 n.3 (10th Cir. 1998) (discussing factors for determining whether an entity is an arm of the state); N.M. Stat. Ann. § 6-3-1 (Michie 1992 Repl. Pamp.) (state agency includes any department); N.M. Stat. Ann. §§ 9-3-3, 9-3-4 (Michie 1994 Repl. Pamp.) (corrections department is a cabinet department run by corrections secretary who is appointed by the governor with consent of senate); General Appropriation Act of 1998, 1998 Advance

Legislative Service, ch. 116, 1386-93 (appropriations for state department of corrections).

Insofar as a claim against Defendant Griego in his individual capacity, after the Martinez report, it was incumbent on Mr. Blackburn to supply information in accordance with Fed. R. Civ. P. 56(e) addressing "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Hudson v. McMillan, 503 U.S. 1, 6-7 (1992); Green v. Branson, 108 F.3d 1296, 1300-02 (10th Cir. 1997) (plaintiff adduced sufficient evidence in affidavits to withstand summary judgment on excessive force claim). We have reviewed the record and conclude that, even crediting Mr. Blackburn's facts (as opposed to conclusions) contained in the complaint, he cannot prevail, given the uncontroverted facts that words were exchanged between Mr. Blackburn and Defendant Griego prior to the altercation; a successful shakedown was part of an effort to intercept contraband after an inmate had just been killed; and his injury was relatively minor. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The factual disputes contained in the record and cited by Mr. Blackburn either have been resolved in his favor or are not material; therefore, summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

AFFIRMED.  Mr. Blackburn is reminded of his obligation to pay the appellate filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge